IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHANCE K. S. BATEMAN,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>COUNTRYWIDE HOME LOANS, aka<br>BAC Home Loan Servicing, LP;<br>THE BANK OF NEW YORK MELLON,<br>as Trustee for the<br>Certificateholders, CWABS,<br>Inc., Asset-Backed<br>Certificate Series 2005-3,<br>aka CWL 2005-3;<br>CWABS, Inc.;<br>MERSCORP, INC.;<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC., a<br>wholly-owned subsidiary of<br>Merscorp, Inc.;<br>CHARTER FUNDING;<br>KEVIN A. DURHAM, individually<br>and as assistant secretary<br>for Mortgage Electronic<br>Registration Systems, Inc.<br>and Max Default Services<br>Corp.;<br>CALEB G HARGIS, individual<br>and as notary;<br>CORPORATE DOES 1-50;<br>JOHN DOES 1-50; and<br>JANE DOES 1-50<br><br>　　　　Defendants.<br>_____ | CIVIL NO. 12-00033 SOM/BMK<br><br>ORDER DISMISSING SECOND<br>AMENDED COMPLAINT; ORDER<br>DENYING MOTION SEEKING LEAVE<br>TO FILE THIRD AMENDED<br>COMPLAINT |

**ORDER DISMISSING SECOND AMENDED COMPLAINT**

**I.　　　INTRODUCTION.**

　　　　The parties' failure to acknowledge earlier proceedings in this case has led to avoidable complications for the court. What happens in an order or hearing does not stay in that order

or hearing.  As the case proceeds, the parties should expect those prior matters to affect what follows.

On November 14, 2012, this court dismissed the First Amended Complaint filed by Plaintiff Chance K.S. Bateman, giving him leave to file a First Amended Complaint.  See ECF No. 41.

On December 7, 2012, Bateman filed his Second Amended Complaint.  This document completely ignored the reasoning set forth in the court's order dismissing the First Amended Complaint.  Because the Second Amended Complaint fails to cure the deficiencies discussed in the court's order dismissing the First Amended Complaint, the court grants Defendants' motion of December 20, 2012, that sought dismissal of the Second Amended Complaint.  See ECF No. 46.  The court also denies Bateman's motion seeking leave to file a Third Amended Complaint, ECF No. 60, because the proposed Third Amended Complaint suffers from the same deficiencies.

**II.       FACTUAL BACKGROUND AND STANDARD OF REVIEW.**

Bateman's Second Amended Complaint is 43 pages long (without exhibits) and has 144 paragraphs with additional subparts.  It is not the "short and plain statement of the claim showing" Bateman's entitlement to relief required by Rule 8(a)(2) of the Federal Rules of Civil Procedure.  Despite its length, the Second Amended Complaint fails to add any new, material facts.  Accordingly, the court incorporates the factual background and

2

standard of review sections set forth in the court's order of November 14, 2013. In incorporating the factual background by reference, the court recognizes that the factual allegations have been set forth in different numerical paragraphs. That distinction is immaterial for purposes of this order.

**III.    ANALYSIS.**

    **A.    Bateman Fails to Assert a Viable Section 480-2 Claim.**

In the court's order of November 14, 2012, the court ruled that Bateman lacks standing to challenge the assignment of his loan because he was not a party to the assignment. The court ruled that only parties to such assignments may generally seek to challenge the assignments because arguments raised in such challenges go to whether the loan is voidable, as opposed to void <u>ab initio</u>. In so ruling the court noted that Bateman had challenged the various transfers of his note and mortgage as violating chapter 480 of Hawaii Revised Statutes. The court stated that, if one of the transfers violated section 480-2, the transfer would be void, as opposed to voidable. But the court ruled that Bateman did not allege facts from which a violation of chapter 480 could be established such that the transfer would be void. The court stated,

> To the extent Bateman challenges voidable agreements, those challenges do not convert Bank of New York's conduct into "unfair or deceptive acts or practices in the conduct of any trade or commerce" such that the voidable

3

>           agreements become void under chapter 480.  In
>           other words, a voidable agreement--one with a
>           potential defect that a party to the
>           agreement may assert--does not violate
>           section 480-2 such that it automatically
>           becomes void under section 480-12.

See ECF No. 41.

For the most part, Bateman's Second Amended Complaint simply reasserts the claims of the First Amended Complaint under section 480-2 of Hawaii Revised Statutes.  For the reasons included in the court's order of November 14, 2012, Bateman may not maintain his section 480-2 claim.  Rebranding the claim does not make it viable.

The thrust of Bateman's section 480-2 claim is again that the assignments of his loan were improper.  Under the circumstances presented here, that claim is not cognizable. Section 480-2 of Hawaii Revised Statutes states, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful."

Two distinct causes of action exist under section 480-2: claims alleging unfair methods of competition and claims alleging unfair or deceptive acts or practices. See Haw. Med. Ass'n v. Haw. Med. Serv. Ass'n, 113 Haw. 77, 110, 148 P.3d 1179, 1212 (2006).  It appears that Bateman is asserting an unfair or deceptive acts or practices claim.

The phrase "unfair or deceptive acts or practices in the conduct of any trade or commerce" is not defined in chapter

4

480.  See Eastern Star, Inc. v. Union Bldg. Materials Corp., 6 Haw. App. 125, 132, 712 P.2d 1148, 1154 (Haw. App. 1985).  Hawaii courts have held that a "practice is unfair when it offends established public policy and when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers."  Id. at 133, 712 P.2d at 1154 (citations omitted). A deceptive act is defined as "an act causing, as a natural and probable result, a person to do that which he would not otherwise do."  Id.  A plaintiff establishes that there was "deception" under chapter 480 by demonstrating that there was: (1) a representation, omission, or practice that (2) was likely to mislead consumers acting reasonably under the circumstances when (3) the representation, omission, or practice was material. Tokuhisa v. Cutter Mgmt. Co., 122 Haw. 181, 195, 223 P.3d 246, 260 (2009).  A representation, omission, or practice is "material" if it involves information that is important to consumers and is likely to affect their conduct regarding a product.  Id.  Whether an act or practice is deceptive is judged by an objective "reasonable person" standard.  Yokoyama v. Midland Nat'l Life Ins. Co., 594 F.3d 1087, 1092 (9th Cir. 2010) ("Hawaii's consumer protection laws look to a reasonable consumer, not the particular consumer.").

　　　　Because Bateman is challenging assignments he was not a party to, he is not asserting a claim that he was misled by any

5

Defendant's "deception." That is, he is not alleging that he was misled by a Defendant's material representation, omission, or practice. It therefore appears that Bateman is arguing that the assignments were "unfair"--that the assignments "offended established public policy" or were "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." However, Bateman fails to support that argument with relevant factual allegations.

Instead, Bateman, in his capacity as a mortgagor, is once again attempting to challenge the efficacy of the transfers of his loan when neither the transferring nor receiving lenders have asserted that any transfer was voidable. Bateman is attempting to argue that the bank seeking to enforce rights under the loan documents is committing an "unfair" practice by asserting rights transferred to it when none of the parties to the transfer have indicated any inclination to seek avoidance of the transfer. Bateman is not contending that he has no obligations under the loan documents, that multiple banks are attempting to enforce the same loan documents, or that he has performed on his obligations under the loan documents. In short, Bateman simply does not allege facts demonstrating any "unfair" conduct for purposes of section 480-2. Accordingly, the chapter 480 claim is dismissed.

**B.     Bateman's Quiet Title Claim is Dismissed.**

The Second Amended Complaint also asserts a claim of Quiet Title.  That claim is dismissed.

Bateman appears to be making a claim under section 669-1(a) of Hawaii Revised Statutes, which provides that a quiet title "[a]ction may be brought by any person against another person who claims, or who may claim adversely to the plaintiff, an estate or interest in real property, for the purpose of determining the adverse claim."  Because Bateman has not demonstrated standing to challenge the various assignments, and because Bateman's quiet title claim appears to be based on those allegedly improper assignments, the quiet title claim is dismissed.

**C.     The Motion Seeking Leave to File a Third Amended Complaint is Denied.**

Without waiting for this court to rule on the motion to dismiss the Second Amended Complaint, Bateman has sought leave to file a Third Amended Complaint.  Because the proposed Third Amended Complaint suffers from the same deficiencies as the Second Amended Complaint, the motion is denied.  Granting leave to file the proposed Third Amended Complaint would be futile. See Hartmann v. Cal. Dep't of Corrections & Rehabilitation, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

### D. The Court Declines to Determine Whether Defendants May Seek a Deficiency Judgment From Bateman.

At the hearing of November 6, 2012, Defendants, in answer to a question posed in the court's usual prehearing inclinations, stated that they believed that they could not seek a deficiency judgment against Bateman. Although it appears that Defendants have subsequently attempted to modify that position, see ECF No. 61, it does not appear that Defendants have any intention of seeking a deficiency judgment against Bateman. See id. at 5 ("Defendants have no current intention to pursue such a judgment at this time"). Given the dismissal of the Second Amended Complaint and relying on Defendants' stated intention not to seek a deficiency judgment, the court does not and need not presently determine whether Defendants may, notwithstanding the position they took on November 6, 2012, seek such a deficiency judgment.

### IV. CONCLUSION.

The Second Amended Complaint is dismissed, and the motion seeking leave to file a Third Amended Complaint is denied. Bateman is given leave to file a motion seeking leave to file a different Third Amended Complaint no later than June 14, 2013. Any such proposed complaint must take into account the rulings in this case. If Bateman fails to timely file such a motion, the

Clerk of Court will automatically enter judgment in favor of Defendants and close this case.

　　　　　　　　IT IS SO ORDERED.

　　　　　　　　DATED: Honolulu, Hawaii, May 20, 2013.



　　　　　　　　　　　　　　　　 /s/ Susan Oki Mollway
　　　　　　　　　　　　　　　　Susan Oki Mollway
　　　　　　　　　　　　　　　　Chief United States District Judge

Bateman v. Countrywide Home Loans Inc., et al.; Civ. No. 12-00033 SOM/BMK; ORDER DISMISSING SECOND AMENDED COMPLAINT; ORDER DENYING MOTION SEEKING LEAVE TO FILE THIRD AMENDED COMPLAINT